IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOEL DANIEL ANGEL-BECERRIL,

Petitioner,

vs.

KRISTI NOEM, in their official capacity as
Secretary of the United States Department of
Homeland Security; PAMELA BONDI, in their
official capacity as Attorney General of the
United States; TODD M. LYONS, in their
official capacity as Acting Director of the United
States Immigration and Customs Enforcement;
DAVID EASTERWOOD, in their official
capacity as Acting St. Paul Field Office Director
for Enforcement and Removal Operations,
United States Immigration and Customs
Enforcement; and JO MARTIN, in their official
capacity as Sarpy County Corrections Director;

Respondents.

4:26CV3031

ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner Joel Daniel Angel-Becerril's (Angel-Becerril) Complaint for Preliminary Injunctive Relief; Verified Petition for Writ of Habeas Corpus. (Filing No. 1).

Angel-Becerril is a twenty-seven-year-old Mexican citizen who has lived in the United States since 2003. (Filing No. 1 at 7). He received immigration status under the Deferred Action for Childhood Arrivals (DACA) program in 2015. (Filing No. 1 at 7).

Respondents detained Angel-Becerril on December 2, 2025. (Filing No. 1 at 2). The U.S. Department of Homeland Security (DHS) initiated removal proceedings against him the same day.

(Filing No. 1-2). An immigration judge twice denied Angel-Becerril's requests to be released on bond during the pendency of removal proceedings, reasoning that she lacked jurisdiction to hear them under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (Filing No. 1-4; Filing No. 1-6). Angel-Becerril remains in custody at the Sarpy County Department of Corrections in Sarpy County, Nebraska. (Filing No. 1 at 9).

In his petition, Angel-Becerril alleges his detention is unlawful. He seeks immediate release or, in the alternative, an order directing Respondents to provide a bond hearing under 8 U.S.C. § 1226(a) within seven days. (Filing No. 1 at 33). The habeas statute provides that the Court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Angel-Becerril] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Angel-Becerril]." *Id.* The order to show cause must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* The person to whom the order is directed "shall make a return certifying the true cause of [Angel-Becerril's] detention." *Id.*

The Court cannot say from the face of the petition that Angel-Becerril is not entitled to relief. Accordingly, the Court orders Angel-Becerril to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Angel-Becerril replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Angel-Becerril may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1. Petitioner Joel Daniel Angel-Becerril shall serve his Petition for Writ of Habeas Corpus (Filing No. 1) and a copy of this Order on Respondents as soon as is practicable, and file proof of such service with the Court.

2. Respondents shall, within three business days of being served, make a return certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.

3. Petitioner shall reply in support of his petition within three business days of the Respondents' return.

4. The Court will then set a prompt hearing on this matter.

5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 6th day of February, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

3